[Civ. No. 3742.   First Appellate District, Division One.—January 20, 1921.]

## T. E. BERRY, Appellant, v. MIAMI CYCLE & MANU-FACTURING CO., Respondent.

[1] CONTRACTS—SALE OF MOTORCYCLES—ACTION FOR DAMAGES FOR BREACH OF WARRANTY—CROSS-COMPLAINT UPON BOOK ACCOUNT—EVIDENCE—FINDINGS.—In this action for an alleged breach of the warranties of an agreement entered into between the parties, by the terms of which the plaintiff and another person were made the sole and exclusive agents of the defendant for the sale of a certain type of motorcycle through certain territory, and by which the defendant warranted said motorcycles were free from imperfections in the nature of latent defects arising from the process of manufacture, the evidence amply justified the findings of the trial court against the plaintiff's claim as to the defendant's breach of its warranties in the respects indicated, and also justified the findings and judgment in favor of the defendant on its cross-complaint based upon a book account for motorcycles and motorcycle parts sold and delivered to plaintiff and for which he had failed and refused to pay.

APPEAL from a judgment of the Superior Court of Los Angeles County. F. G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lewis Sherman Jones for Appellant.

No appearance for Respondent.

RICHARDS, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant in an action wherein the plaintiff sought to recover damages from the defendant for an alleged breach of the warranties of an agreement entered into between the parties, by the terms of which the plaintiff and one F. M. Hodge were made the sole and exclusive agents of the defendant for the sale of a certain type of motorcycle, known as Flying Merkle motorcycle, throughout certain portions of southern California, and by which said agreement, according to the plaintiff's contention, the defendant warranted said motorcycles to be free

from imperfections in the nature of latent defects arising from the process of manufacture, but that a large number of said motorcycles were defective in these respects, and for that reason unmerchantable, to the damage of the plaintiff and said Hodge in a certain sum. Hodge is alleged to have conveyed his right of recovery to the plaintiff prior to the inception of the action. The defendant in its answer denied the averments of the plaintiff's complaint as to any breach of warranty on its part and as to any damage resulting therefrom, and by way of cross-complaint sought to recover from the plaintiff the sum of $723.71 upon a book account for motorcycles and motorcycle parts sold to plaintiff and for which he had failed and refused to pay.

[1] Upon the trial of the action evidence *pro* and *con* was presented by the respective parties which covers 710 pages of the reporter's transcript on appeal. The trial court from this evidence found against the plaintiff's claim as to the defendant's breach of its warranties in the respects indicated, and expressly found that the motorcycles delivered to the plaintiff were in every particular free from imperfections in material and workmanship, and were in serviceable working order at the time of their said delivery, and that with the exception of four of said motorcycles, they were free from the specific latent defects specified by the plaintiff as existing in them, and as to these defective machines their depreciation in value by reason of the existence of said latent defects amounted altogether to the sum of $18.50. The court further found that the defendant was entitled to recover from the plaintiff upon its cross-complaint in the sum of $723.71. It accordingly rendered judgment against the plaintiff for the difference in these two sums, namely, the sum of $705.21. It is from this judgment that the plaintiff has prosecuted the present appeal.

The sole contention which the appellant makes upon this appeal is that the evidence is insufficient to justify the findings of the trial court. He has failed to file in support of this contention or present any supplement to the typewritten transcript, or any adequate statement of the evidence embraced within its 710 pages, and the sole reference to the evidence in the case is contained in a scant seven pages of his brief. A cursory examination of the transcript shows that practically the whole thereof is occu-

pied with testimony upon the main issue in the case, and that upon that issue the defendant presented many pages of testimony consisting, for example, in the evidence of its agents in charge of the manufacture of these motorcycles, who testified as to the careful tests to which every machine issuing from its factories was subjected before leaving the same, both in the factory and on the road, which strongly tended to show the practical impossibility of the existence to any considerable degree of the defects which the plaintiff claimed to exist in these motorcycles. There was also evidence presented on the part of its sales agents, who came in contact with the plaintiff and his associate Hodge during the several years when they were acting as the defendant's representatives in the sale of these motorcycles, and whose testimony showed that no complaint had ever been made by either of them as to the existence of the particular defects to which they testified at the trial. The defendant also offered numerous letters written by the plaintiff in ordering parts for replacement in motorcycles already delivered and in use, in none of which did it appear either that complaint was made of these claimed defects, or parts ordered for their replacement. Evidence of this character is scattered all through this voluminous transcript, and is such in volume and amount as to amply sustain the finding of the trial court that the particular defects to which the plaintiff testified on the trial of the cause had no existence in fact or to any greater extent than that found to exist in four of these machines. The evidence as to the plaintiff's indebtedness to the defendant in the sum set forth in its cross-complaint also amply sustains the finding of the trial court in that regard.

The appellant's contentions herein are utterly without merit, and he should be penalized for taking and prosecuting a frivolous appeal. This court would have no hesitation in affixing this penalty were it not for the fact that to impose it would redound to the benefit of the respondent herein, who on its part is grossly at fault in this case for failing to present or file in this court a respondent's brief, and for which, did the statute permit, it should also be penalized.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.